PAUL ENGSTRUM,
Plaintiff,

*vs.*

PAUL ENGSTRUM ASSOCIATES, INC., a Delaware corporation,
Defendant.

PAUL ENGSTRUM,
Plaintiff,

*vs.*

PAUL ENGSTRUM ASSOCIATES, INC., a Delaware corporation,
and ROBERT A. FORESMAN, JR.,
Defendant.

*New Castle, July 30, 1956.*

*William H. Foulk* and *William Duffy, Jr.,* Wilmington, for plaintiff in Civil Action No. 729.

*William H. Foulk, William Duffy, Jr.,* and *Michael A. Poppiti,* Wilmington, for plaintiff in Civil Action No. 618.

*William E. Taylor, Jr.,* Wilmington, for defendants in both actions and for Robert A. Foresman, Jr., on a petition to intervene in Civil Action No. 729.

SEITZ, Chancellor: Since there are matters to be decided in both related actions I shall dispose of them in the same opinion. I first consider the action for a receiver (Civil Action No. 729).

Plaintiff stockholder filed a complaint seeking the appointment of a receiver. An answer was filed on behalf of the defendant corporation. Plaintiff has moved to strike the answer on the ground that the attorney filing it was not authorized to do so.

An affidavit was filed by Foresman on behalf of the corporation. He is one of the two stockholders, a director and the last treasurer. His affidavit states that, "affiant believes he was entitled to authorize William E. Taylor, Jr., to represent the defendant corporation in this action and did so authorize William E. Taylor, Jr." But this is not a sufficient answer to plaintiff's unequivocal affidavit showing that no action was taken by the president, the vice president or the board of directors to authorize such action. Indeed, at the time the answer was filed the corporate defendant's charter had been voided for non-payment of taxes.

I conclude that the undisputed facts shown by the affidavits warrant the granting of plaintiff's motion to strike the answer purportedly filed on behalf of the defendant corporation.

I next consider whether the motion of Robert A. Foresman, Jr., to be added as a party defendant or, alternatively, to intervene as defendant in this action should be granted.

■ We have here a two stockholder corporation. Plaintiff owns 50% of the stock and Foresman owns the other 50%. Each of the stockholders controls two of the four directors and the corporate officers are similarly divided. Thus, while the complaint is directed against the corporation, the dispute is actually between the two stockholders. In this type of situation it seems to me that the "other" stockholder should be permitted to defend on behalf of the corporation. Otherwise, we would have a situation where a plaintiff could obtain a default judgment because of equally divided authority even though he was not in fact entitled to such judgment. I conclude that the "other" stockholder should be permitted to intervene as a party defendant with authority to defend on behalf of the corporate defendant. Compare *Chadwick v. Parkhill Corp.*, 16 *Del.Ch.* 105, 141 *A.* 823 (by implication); see also 16 Fletcher, *Cyc. of Corps.* (Perm. ed.) § 7751.

I therefore conclude that Foresman's motion to intervene should be granted. He will be permitted to file the answer attached to his motion.

I next consider on the basis of the complaint, the answer of the intervening defendant and the affidavits whether plaintiff's motion for summary judgment for the appointment of a receiver should be granted ("defendant" refers to the corporate defendant). Plaintiff seeks a receiver on the following grounds:

1. Defendant's charter was forfeited for nonpayment of taxes.

2. Defendant is insolvent in the sense that it cannot pay its debts as they mature.

3. Irreconcilable differences exist between the two stockholders who own all the stock.

■ I first consider plaintiff's contention that the corporate defendant's charter has been forfeited. The affidavits of the intervening defendant show that the corporate charter has been renewed and revived pursuant to the procedure authorized by 8 *Del.C.* § 312. Plaintiff's affidavits tend to show that the persons purporting to apply

for a revival and renewal of the defendant corporation's charter were not authorized to do so. Intervening defendant denies such lack of authority but has deferred filing affidavits thereon because he contends that plaintiff cannot raise this point in this action. I agree with the intervening defendant that under the decision of this court in *McKee v. Standard Minerals Corp.*, 18 *Del.Ch.* 97, 156 *A.* 193, once a charter has been renewed and revived only the State can institute proceedings to void it on the ground that the parties applying for such renewal and revival were not authorized to do so. In other words, once the charter has been revived, a receiver cannot be appointed under the statutory authority to appoint receivers for corporations whose charters have been forfeited.

I next consider plaintiff's contention that the corporate defendant is insolvent. The affidavits show that this matter is in dispute and so no summary judgment can be granted under this head.

Plaintiff's third ground for the appointment of a receiver on his summary judgment motion is that there are irreconcilable differences between the two stockholders. Defendants deny that this allegation is made in good faith. Even if we assume that this is not a matter in dispute, nevertheless, I do not believe that there is a sufficient showing to warrant relief on this ground at this time. I must assume that plaintiff under this argument seeks the appointment of a receiver for a solvent corporation. Under such circumstances plaintiff must make a very strong case because such power is exercised with great restraint. See *Lichens Co. v. Standard Commercial Tobacco Co.*, 28 *Del.Ch.* 220, 40 *A.2d* 447. Plaintiff, who is the corporation's president, shows only that the corporation has been doing nothing with its one asset, a patent. Plaintiff says that defendants' unauthorized revival of the charter (which defendants deny) is a fact to be considered in connection with an application under this head of equity jurisdiction. I agree. But even if I assume that the application was made without authority, the fact remains that plaintiff has not made a sufficient showing to warrant the appointment of a receiver on a motion for summary judgment. Plaintiff was the chief executive officer and therefore personally responsible for keeping the corporation alive. As I see it, the real delay has resulted from plaintiff's pro-

tracted inaction in Civil Action No. 618. After all, plaintiff is not without a possible remedy, 8 *Del.C.* § 226.

I conclude that plaintiff's motion for summary judgment must be denied for the reasons heretofore stated.

■ In Civil Action No. 618, plaintiff seeks to rescind his assignment of the patent to the defendant corporation. Plaintiff has moved for a stay of that action pending a determination of plaintiff's right to a receiver in Civil Action No. 729, or alternatively, for a consolidation of the cases. The defendants in Civil Action No. 618 resist the motion and contend that that action should proceed.

Civil Action No. 618 has been pending for a long time. Defendants have had on file for a protracted period motions to strike and dismiss. Those matters have never been brought before the court for decision because of delays which are not the defendants' responsibility. Defendant, Foresman, by a counterclaim incorporated in his answer as intervening defendant in Civil Action No. 729, has raised the same patent ownership issue involved in Civil Action No. 618. While a consolidation of some type may ultimately be desirable, I cannot see why the defendants' motion to dismiss and to strike in Civil Action No. 618 should be delayed. The pleadings should be completed in that case so that there will be no delay when and if the cases are consolidated for trial of the patent ownership issue. This will not interfere with plaintiff's further efforts to obtain a receiver in Civil Action No. 729.

I therefore conclude that plaintiff's motion to stay in Civil Action No. 618 should be denied.

The question of the trial of the patent ownership problem is not now before the court. An order should be entered fixing the time for briefs and argument on the pending motions in Civil Action No. 618. Plaintiff may take such steps as he deems appropriate in Civil Action No. 729.

Orders on notice.